UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMY FREAD,

                      Plaintiff,

                      -against-

THE NEW YORK TIMES COMPANY and NYT
SHARED SERVICE CENTER, INC.,

                      Defendants.
----------------------------------------------------------X

**ORDER**

**10-CV-5646 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 7, 2010, Plaintiff Amy Fread ("Fread") filed a Complaint under the Fair Labor and Standards Act ("FLSA") and under New York Wage & Hour Regulations, alleging that Defendants, her former employer, failed to properly pay her overtime wages. (Compl. (Docket Entry # 1).) On February 2, 2011, pursuant to 28 U.S.C. § 1404(a), Defendants sought to transfer this action to the United States District Court for the Southern District of New York. (Docket Entry # 5.) Defendants also filed an answer to the Complaint on February 7, 2011. (Docket Entry # 8.) A pre-motion conference was set for February 24, 2011 (see Docket Entry # 10), but on February 22, 2011 Fread requested its cancellation because she consented to transfer the action to the Southern District of New York.[1] (Docket Entry # 11.) On April 28, 2011, the parties submitted a "Stipulation and Order of Dismissal With Prejudice" in which the parties stipulated and agreed to dismiss the action against Defendants "with prejudice, and with no court award of attorneys' fees, costs, and/or disbursements to either party." (Docket Entry # 12.)

---

[1] In Fread's letter to the court consenting to the transfer, Fread noted that she was unable to reach Defendants' counsel to inform them of the same. As no subsequent filings were entered onto the Docket until April 28, 2011, this action was never transferred to the Southern District of New York.

1

FLSA places "strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver." Le v. SITA Info. Networking Computing USA, Inc., 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008) (internal quotations omitted). Under FLSA, employees may not waive or settle claims for unpaid wages unless the settlement is (1) supervised by the Secretary of Labor or (2) made "pursuant to a judicially-supervised stipulated settlement." Id. A U.S. Magistrate Judge may preside over these settlement conferences. Cf. Mareno v. Madison Square Garden, L.P., 21 F. App'x 74, 75-76 (2d Cir. 2001) (allowing U.S. Magistrate Judges to preside over "judicially-supervised stipulated settlements" under the Older Workers Benefit Protection Act, 29 U.S.C. § 621).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to voluntarily dismiss an action without a court order, "subject to . . . any applicable federal statute," as long as the plaintiff files "a stipulation of dismissal signed by all parties who have appeared." Because FLSA limits the ability of parties to waive or settle a claim, the court rejects the parties' stipulated order of dismissal. The parties are directed to jointly choose from one of three options as to how to properly proceed in this case, as discussed below.

Here, the parties have not submitted a settlement agreement for the court's approval, but they do they seek voluntary dismissal of the action by stipulating and agreeing to dismiss the action "with prejudice, and with no . . . disbursements to either party." (Docket Entry # 12.) The court, however, cannot sanction a stipulated dismissal *with* prejudice. Such a stipulation would require Fread to forever waive her statutory rights under the FLSA. As noted previously, however, employees may not waive or settle any right to unpaid overtime wages absent a settlement that is supervised by the Secretary of Labor or made "pursuant to a judicially-supervised stipulated settlement." Le, 2008 WL 724155, at *1. At the same time, it cannot be in

2

the interest of justice to require the plaintiff to continue to pursue claims that she no longer wishes to pursue.

Accordingly, there appear to be three options as to how to best proceed in this action: (1) the parties may stipulate to dismiss the action *without* prejudice; (2) the parties may show good cause as to why the court should permit a stipulation to dismiss the action with prejudice, despite the lack of a judicially-supervised settlement; or (3) if the parties intend to reach a settlement, they may submit a settlement agreement to the court on the public docket for the court's approval. The parties shall *jointly* inform the court which of these options they will choose.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 27, 2011

NICHOLAS G. GARAUFIS
United States District Judge